UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FEDERICO COLON,

    Plaintiff,

v.

FOREST COUNTY POTAWATOMI COMMUNITY
d/b/a POTAWATOMI BINGO CASINO,

    Defendant.

Case No.: 2:18-CV-00135

---

# RULE 26 (f) JOINT DISCOVERY PLAN

1.    Pursuant to Rule 26(f), Fed. R. Civ. P., and the Court's Order, Plaintiff's counsel, Nathaniel Cade Jr., and Defendant's counsel, Rufino Gaytán III and Jonathan T. Smies, conferred on September 14, 2018 with regards to the contents of this proposed discovery plan, which the parties submit jointly and with the Forest County Potawatomi Community (the "Tribe" or "Defendant") preserving and not waiving its defenses, including, but not limited to, its immunity from suit by virtue of its status as a federally-recognized sovereign Indian tribe, and pending the Court's decision on the Tribe's February 27, 2018 Motion to Dismiss (the "Motion").

2.    Pre-discovery disclosures. The parties, by **November 23, 2018**, will exchange the information required by Fed. R. Civ. P. 26(a)(1); Supplementations are due as required and in accordance with the provisions of Rule 26(e).

3.    Discovery plan. The parties jointly propose to the Court the following Discovery plan:

    a.    Discovery is necessary on the following subjects:

i. The facts and circumstances related to the termination of Plaintiff.

ii. Defendant's policies and procedures regarding employment and termination of employees.

iii. Defendant's policies and procedures regarding internal requests to transfer between administrative positions.

iv. Defendant's policies and procedures regarding internal complaints about supervisors and how these complaints are investigated

v. The work performance of Plaintiff.

b. The parties propose the following dates for scheduling:

i. **November 23, 2018** – deadline for amendment of pleadings.

ii. **April 12, 2019** – deadline for non-expert discovery.

iii. **April 30, 2019** – deadline for Plaintiff to name expert witnesses, if any, and provide written reports as provided by Fed. R. Civ. P. 26(a)(2).

iv. **July 1, 2019** – deadline for Defendants to name expert witnesses, if any, and provide written reports as provided by Fed. R. Civ. P. 26(a)(2).

v. **July 31, 2019** – deadline for filing of any dispositive motions.

vi. Depositions of Experts should be taken within 45 days of designation. Unless otherwise stipulated, disclosure of experts will include a report fully in compliance with Rule 26(a)(2)(B).

> > vii. Any motion challenging the qualifications of a designated expert must be made within 60 calendar days after the deposition of that expert.
>
> c. The parties anticipate that discovery and production of electronically stored information ("ESI") may take place. The parties agree to implement measures to preserve any such ESI. The parties will work together to agree to procedures and costs of production of ESI. No issues have arisen to date related to production of ESI.
>
> d. No issues have arisen with regarding to claims of privilege and/or work product. In the event that such an issue arises, the parties will work together to address before bringing the issue to the Court.
>
> e. The parties do not believe there is a need for any limitations on discovery imposed, and that discovery can be governed by the Federal and Local Rules.
>
> f. Other than the Motion, the parties do not believe there are any other issues to be addressed by the Court at this time.

**ADDITIONAL INFORMATION REQUIRED BY COURT.**

**1. Case Summary:**

a. <u>Plaintiff's View of the Case</u>: This is an age discrimination claim. Plaintiff, Federico Colon, was hired by Defendant Forest County Potawatomi Community to work in the Potawatomi Bingo Casino as a security officer. At the time of his termination, Mr. Colon was the second shift security manager at Potawatomi.

Mr. Colon, while working as a supervisor, had written up an employee underneath him, but that employee refused to sign the notice acknowledging the write-up and warning. The employee also was engaged in a relationship with an employee underneath him, which was against Potawatomi policy. Subsequently, Potawatomi terminated Mr. Colon, alleging that he failed to follow Potawatomi policy with respect to failing to have the employee sign the write-up. While employed at Potawatomi, Mr. Colon experienced harassment and improper statements of various employees all attributable to his age. Potawatomi did not counsel or terminate the employment of these employees. However, the EEOC did substantiate Mr. Colon's claims and determined that age played a factor in his termination, especially as an employee under the age of forty (and the same employee that Mr. Colon had written up) was the employee who replaced Mr. Colon as the second shift security manager.

b. <u>Defendant's View of the Case</u>. The Tribe is a federally-recognized sovereign Indian tribe. As such, the Tribe is immune from suits for money damages. With regard to Mr. Colon's allegations, the Tribe denies any discriminatory motive or basis for its decision to end Mr. Colon's employment. On the contrary, Mr. Colon's employment with the Tribe ended as a result of his falsification of a document related to a subordinate employee.

Specifically, Mr. Colon submitted a Corrective Action Form which he claimed was signed and dated by the subordinate employee. Because the subordinate employee complained about this falsified document, the Tribe conducted an investigation regarding this matter. The Tribe determined that Mr.

- 4 -
Case 2:18-cv-00135-PP   Filed 09/19/18   Page 4 of 6   Document 18

Colon in fact forged the employee's signature and date because the employee was not at work on the date which Mr. Colon wrote on the form. When confronted with this determination, Mr. Colon continued to deny any wrongdoing. Given his role as a supervisory employee and the level of trust the Tribe requires of its Security Department employees, among other factors, Mr. Colon's employment was ended.

With regard to Mr. Colon's allegations of harassment, the Tribe denies that any such harassment occurred or that it allowed it to continue.

2. **Amendments:** The parties are not sure about any amendment to the pleadings, but have identified **November 23, 2018** as the deadline for any such amendments.

3. **Joining Other Parties:** No.

4. **Discovery Timeframes:** The parties anticipate approximately 10-12 depositions and paper discovery. There also may be a need to conduct discovery of the employment files of non-employees who have had their employment terminated by Potawatomi. The parties will enter into the Eastern District of Wisconsin's standard protective and confidentiality order for this information to be provided and if necessary, filed under seal. It is anticipated that non-expert discovery will take six months to complete.

5. **Contemplated Motions:** Defendant's Motion is still pending before the Court. If the Court denies the Motion, the Tribe anticipates seeking review of such ruling in the Court of Appeals. If this case is to proceed following the Tribe's appeal efforts, the Tribe also anticipates filing a motion for summary judgment.

6. **Estimated Length of Trial:** 3-4 days.

7. **Jury Trial:** Plaintiff requests a jury trial.

8. **Other Matters:** None.

9. **Attestation:** Yes, the parties have discussed these issues.

Dated this 18th day of September, 2018   **CADE LAW GROUP LLC**

By: s/ NATHANIEL CADE, JR.
Nathaniel Cade, Jr. SBN:1028115
P.O. Box 170887
Milwaukee, WI  53217
(414) 255-3802 (phone)
(414) 255-3804 (fax)
nate@cade-law.com

Attorneys for Plaintiff Federico Colon

Dated this 18th day of September, 2018   **GODFREY & KAHN, S.C.**

By: s/ RUFINO GAYTÁN III
Jonathan T. Smies, SBN #1045422
Rufino Gaytán III, SBN #1065235
833 E. Michigan Street
Milwaukee, WI  53202-3590
(414) 273-3500 (phone)
(414) 273-5198 (fax)
jsmies@gklaw.com
rgaytan@gklaw.com

Attorneys for Defendant Forest County Potawatomi Community d/b/a Potawatomi Bingo Casino